ELIZABETH DAVIS, by her next friend, JACOB DAVIS, her father, *Plaintiff in Error*, v. L. W. HIRSCHMANN, *Defendant in Error*.

Division B.

Opinion filed March 18, 1930.

Petition for rehearing denied April 17, 1930.

*Watson & Saussy*, for Appellant;

*W. C. Brooker* and *M. A. McMullen*, for Appellee.

WHITFIELD, P. J.—Judgment for the defendant was rendered in an action to recover damages for personal injuries in a collision between two automobiles at a street intersection, and the plaintiff took a writ of error. The declaration charged negligence of the defendant that proximately caused injury to the minor plaintiff. Pleas of the general issue and also that the injury was proximately caused by the negligence of the plaintiff's father, Jacob Davis, were filed.

The court charged the jury that:

"The defendant has filed several pleas to the plaintiffs' declaration, the first of which is the plea of not

guilty, which plea .denies each and every material allegation of the plaintiffs' declaration, and it places upon the plaintiffs the burden of proving by a preponderance of the evidence every material allegation in the plaintiffs' declaration alleged. By the other pleas 'the defendant denies that the plaintiff, Elizabeth Davis, received any injuries, or any severe injuries, as alleged in the declaration, or that she has been permanently injured on account of any negligence on the part of the deft; and the defendant further states that the alleged injuries, if any, as complained of in plaintiffs' declaration, were caused by the negligent and careless operation of the Nash car in which the plaintiff was riding, and that it was through the negligence and carelessness of the driver of the said Nash car in which the plaintiff was riding that caused the said injuries to the plaintiff, if she received any, as alleged in the declaration'.''

This charge inaccurately stated the nature of the special pleas that remained in the cause and also inaccurately stated the effect of the plea of ''not guilty'' under Rule 71, for the government of circuit courts in law action. Other inaccurate charges were given. As the evidence is conflicting on material points, the erroneous charges were calculated to confuse the jury and it is deemed just to reverse the judgment for appropriate proceedings.

It is so ordered.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.